IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALVIN PARKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-21-869-D |
| | ) |
| SCOTT CROW, Director, | ) |
| Oklahoma Department of Corrections, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

This matter comes before the Court for review of the Report and Recommendation [Doc. No. 6] issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Judge Purcell finds that Plaintiff has sufficient financial resources to pay the filing fee, recommends the denial of Plaintiff's Application for Leave to Proceed *in Forma Pauperis* ("IFP") under 28 U.S.C. § 1915, and recommends dismissal of the action unless Plaintiff pays the filing fee for this action by September 27, 2021.

Plaintiff, a state prisoner appearing *pro se*, has filed a timely Objection [Doc. No. 7]. Thus, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject or modify, in whole or in part, the findings and recommendations made by the magistrate judge." *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

Upon examination of Plaintiff's Objection, the Court finds no challenge to Judge Purcell's finding that he is not indigent or the recommendation for denial of IFP status.

Plaintiff instead complains only that the Department of Corrections ("DOC") incorrectly denied his request for disbursement of the filing fee from his institutional account. Plaintiff relates an ongoing dispute concerning the timeliness of disbursements, accounting errors, and processing delays, and blames DOC for his failure to pay the filing fee on time. Liberally construing the Objection, the Court finds that Plaintiff only seeks to avoid Judge Purcell's recommendation of dismissal for nonpayment.[1]

Upon *de novo* consideration of the issues raised by Plaintiff's Objection, the Court finds no disagreement with Judge Purcell's findings and conclusions. Plaintiff admits he has the financial resources to pay the filing fee and states an intention to pay it.[2] The Court thus construes Plaintiff's objection as a request for additional time to resolve a dispute with DOC regarding his institutional account that has delayed his fee payment.

Further, the Court finds that regardless of Plaintiff's financial resources, he is not eligible for IFP status because he is subject to the "three strikes" provision of 28 U.S.C. § 1915(g) and does not allege he "is under imminent danger of serious physical injury." Section 1915(g) applies to a prisoner bringing a civil action or appeal "if the prisoner has, on three prior occasions . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon

---

[1] Because Plaintiff appears *pro se*, the Court must liberally construe his pleadings and arguments, but cannot act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (pro se litigants must "follow the same rules of procedure that govern other litigants").

[2] The Court notes that Plaintiff requested a disbursement in the amount of $400.00, but effective December 1, 2020, the full filing fee for a civil action is $402.00.

which relief may be granted."   Although Plaintiff has mistakenly been allowed to proceed IFP in recent cases, he accumulated three strikes years ago in *Parker v. Gosmanova*, 335 F. App'x 791, 796 (10th Cir. 2009) (assessing strike for frivolous appeal); *Parker v. Gosmanova*, 378 F. App'x 816, 818 (10th Cir. 2010) (assessing two more strikes for frivolous post-judgment filing in district court and frivolous appeal).   Since that time, Plaintiff has filed another civil action that was dismissed for failure to state a claim.   *See Parker v. Allbaugh*, Case No. CIV-19-398-D, 2019 WL 6012854 (W.D. Okla. Nov. 14, 2019), *aff'd*, 844 F. App'x 75 (10th Cir. 2021).   Thus, Plaintiff is plainly subject to the IFP restriction of § 1915(g), and neither his Complaint nor his IFP Application allege any circumstance that might constitute imminent danger of physical injury.   For this additional reason, Plaintiff cannot proceed IFP in this case.

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 6] is **ADOPTED AS MODIFIED** by this Order.   Plaintiff's Application for Leave to Proceed *in Forma Pauperis* [Doc. No. 2] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay the $402.00 filing fee in full to the Clerk of this Court within 30 days from the date of this Order or this action will be dismissed without prejudice pursuant to LCvR3.3(e).

**IT IS SO ORDERED** this 20th day of October, 2021.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge